UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY STOPHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:18-cv-00093-RLY-DML |
| | ) | |
| RIBELIN SALES, LLC A Subsidiary of | ) | |
| Azelis Americas, Inc., | ) | |
| AZELIS AMERICAS, LLC, | ) | |
| AZELIS AMERICAS EMPLOYEE | ) | |
| BENEFITS PLAN, | ) | |
| CIGNA HEALTH & LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| LIFE INSURANCE COMPANY OF NORTH | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS AND TO STRIKE JURY, PUNITIVE AND OTHER DAMAGES DEMAND**

Defendants, Cigna Health & Life Insurance Company and Life Insurance Company of North America, move to dismiss Counts VI, VII, and IX of the Complaint[1] of Plaintiff, Gregory Stopher.

Defendants contend Count VI (Violation of the Benefit Plans) and Count VII (Recovery of Plan Benefits) are preempted by ERISA and therefore must be dismissed or repled as ERISA claims. Plaintiff agrees that he has pled ERISA claims, but argues the claims need not be dismissed nor repled. The court agrees with Plaintiff. So long as

---

[1] In her Order Regarding Stay/Remand as to LTD Claims Only, Magistrate Judge Lynch entered a stay of Plaintiff's long-term disability claims but noted that her ruling does not affect the present motion to dismiss. (Filing No. 49).

1

Counts VI and VII provide Defendants with notice of the claim and an entitlement for relief—which Plaintiff does here—the claims may remain as pled. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005) ("The district court thought that the consequence of a decision that the McDonalds were bringing a suit that fell within the territory covered by ERISA had to be either dismissal under Rule 12(b)(6) or an amendment of the complaint. This was error.").

Defendants next contend Count IX (Failure to Comply with ERISA's Claims Procedures) fails to state a claim upon which relief can be granted. The court agrees with Defendant. The failure to comply with claims procedures does not afford the claimant with a substantive remedy. *Wolfe v. J.C. Penney Co., Inc.*, 710 F.2d 388, 393 (7th Cir. 1983), *abrogated on other grounds, Casey v. Uddeholm Corp*. 32 F.3d 1094 (7th Cir. 1994).

Lastly, the parties agree that Plaintiff's punitive, consequential, and economic damages claims and his jury trial demand should be stricken from the Complaint.

Accordingly, Defendants' Motion to Dismiss (Filing No. 18) is **GRANTED in part** and **DENIED in part**. Defendants' motion is **GRANTED** with respect to Count IX and **DENIED** with respect to Counts VI and VII. In addition, Plaintiff's punitive, consequential, and economic damages claims and his jury trial demand are hereby **STRICKEN** from the Complaint.

**SO ORDERED** this 11th day of February 2019.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.